1
2
3
4                **IN THE UNITED STATES DISTRICT COURT FOR THE**
5                      **EASTERN DISTRICT OF CALIFORNIA**
6
7   **RICARDO BANUELOS,**            )     **1:12-CV- 1012 AWI SAB**
                                     )
8             **Plaintiff,**         )
        **v.**                       )     **ORDER ON DEFENDANT'S**
9                                    )     **MOTION FOR SUMMARY**
    **WASTE CONNECTIONS, INC.,**     )     **JUDGMENT**
10                                   )
            **Defendant.**           )
11  _____      )     (Doc. Nos. 10, 11)
12
13          Plaintiff Ricardo Banuelos ("Banuelos") has brought various federal and state
14  employment discrimination claims against his former employer, Defendant Waste Connections,
15  Inc. ("WCI").  WCI now moves for summary judgment on all claims.  Banuelos has filed no
16  response to WCI's motion.  For the reasons that follow, the Court will grant WCI's motion.
17
18                         <u>**FACTUAL BACKGROUND**[1]</u>
19          With the assistance of counsel, Banuelos and his wife filed a Chapter 7 Voluntary
20  Petition for bankruptcy with attached Schedules and Disclosure Statements on April 27, 2011.
21  DUMF 1.  Schedule B of the Chapter 7 Voluntary Bankruptcy Petition requires debtors to list all
22  personal property of any kind.  DUMF 2.  Question 21 of Schedule B asks the debtor to list
23  "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims
24  of the debtor, and rights to setoff claims."  DUMF 3.  In response to Question 21, Banuelos
25  marked "none."  DUMF 4.
26          Banuelos's employment with WCI was terminated on July 11, 2011.  DUMF 5.  At no
27  time after July 11, 2011, did Banuelos amend his bankruptcy schedules or disclosure statements
28
    _____
    [1]"DUMF" refers to "Defendant's Undisputed Material Fact."

to list his potential claims against WCI as a contingent and unliquidated asset of the bankruptcy estate.  DUMF 6.

The Bankruptcy Court issued a Notice of Filing Report of No Distribution and Order Fixing Deadline to Object, which gave Banuelos's creditors until July 22, 2011 to object to Banuelos being discharged form bankruptcy with no distribution to creditors.  DUMF 7.  The creditors and the Bankruptcy Court relied on information in the bankruptcy record, and the Bankruptcy Court issued a Notice of Discharge fully discharging Banuelos of all his debt on August 22, 2011.  DUMF 8.  The Bankruptcy Court then issued its Final Decree closing Banuelos's bankruptcy on August 26, 2011.  DUMF 9.

Banuelos filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2012, and received a right to sue letter on April 11, 2012.  DUMF 11.  Banuelos filed a complaint with the California Department of Fair Employment and Housing ("DFEH") on March 16, 2012 and received a right to sue letter on March 28, 2012.  DUMF 10.  The EEOC and DFEH complaints alleged discrimination on the basis of age and national origin.  DUMF 12.

Banuelos filed this lawsuit on June 21, 2012.  See DUMF 13.  Banuelos's Complaint alleges that he suffered age discrimination during his employment in violation of federal and state law, and was retaliated against, subjected to a hostile environment, and discriminated against on the basis national origin and race, all under California law.  See DUMF 14.

Banuelos testified at his deposition that prior to his termination he was harassed and discriminated against on the basis of his race and national origin by the comments made by co-workers Ramon Gonzalez and William Pejsa.  DUMF 15.  Banuelos also testified that he believed he was terminated by WCI because: (1) Pesja and Michelle Erwin believed he was too slow and too old to do his job; and (2) he had made complaints about the harassment and discrimination by Gonzalez and Pesja.  DUMF 16.  Banuelos also testified at his November 7, 2012 deposition that he was still in bankruptcy.  See DUMF 17.

## SUMMARY JUDGMENT FRAMEWORK

Summary judgment is appropriate when it is demonstrated that there exists no genuine

1   issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

2   Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  The party seeking

3   summary judgment bears the initial burden of informing the court of the basis for its motion and

4   of identifying the portions of the declarations (if any), pleadings, and  discovery that demonstrate

5   an absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

6   (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Where the

7   moving party will have the burden of proof on an issue at trial, the movant must affirmatively

8   demonstrate that no reasonable trier of fact could find other than for the movant.  Soremekun,

9   509 F.3d at 984.  Where the non-moving party will have the burden of proof on an issue at trial,

10  the movant may prevail by presenting evidence that negates an essential element of the non-

11  moving party's claim or by merely pointing out that there is an absence of evidence to support an

12  essential element of the non-moving party's claim.  See Soremekun, 509 F.3d at 984; Nissan Fire

13  & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000).  If the moving party

14  meets its initial burden, the burden then shifts to the opposing party to establish that a genuine

15  issue as to any material fact actually exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio

16  Corp., 475 U.S. 574, 586 (1986); Nissan Fire, 210 F.3d at 1103.  If the nonmoving party fails to

17  produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled

18  to summary judgment.  Nissan Fire, 210 F.3d at 1103.  The court has the discretion in appropriate

19  circumstances to consider materials that are not properly brought to its attention, but the court is

20  not required to examine the entire file for evidence establishing a genuine issue of material fact

21  where the evidence is not set forth in the opposing papers with adequate references.  See

22  Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010); Carmen v. San Francisco

23  Unified Sch. Dist., 237 F.3d 1026, 1029-31 (9th Cir. 2001).

24

25                          **DEFENDANTS' MOTION**

26  *Defendant's Argument*

27       WCI argues that judicial estoppel applies to each cause of action in this case.  When

28  Banuelos filed for bankruptcy, he had a continuing duty to disclose contingent assets, such legal

causes of action.  When Banuelos was terminated, he had sufficient knowledge of the facts giving rise to his causes of action and the bankruptcy proceeding was still on-going.  Because Banuelos did not disclose his causes of action, judicial estoppel bars his claims.

> *Plaintiff's Opposition*

Banuelos has filed no opposition or response of any kind.

> *Legal Standard*

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996).  In determining whether to apply judicial estoppel, courts consider: (1) whether a party's position in the later judicial proceeding is clearly inconsistent with that party's earlier position; (2) whether the party persuaded the first court to accept the earlier position, so that judicial acceptance of an inconsistent position is a later proceeding would create the perception that one of the two courts was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  Milton H. Greene Archives v. Marilyn Monroe LLC, 692 F.3d 983, 994 (9th Cir. 2012).

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."  Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001); see In re Coastal Plains, 179 F.3d 197, 208 (5th Cir. 1999); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992).  The debtor's duty to disclose potential causes of action as assets continues through the duration of the bankruptcy proceedings.  See Hamilton, 270 F.3d at 785; In re Coastal Plains, 179 F.3d at 208.  "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."  Hamilton, 270 F.3d at 784; see In re Coastal Plains, 179 F.3d at 208 ("The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it

may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed."); Hay, 978 F.2d at 557.  A bankruptcy court may "accept" a debtor's representations and assertions in many ways, and a formal discharge of debt is not necessary.  Hamilton, 270 F.3d at 784.  Finally, when a debtor does not disclose a potential cause of action and the bankruptcy court accepts the non-disclosure, the integrity of the bankruptcy process is protected through application of judicial estoppel.  See id. at 785.

*Discussion*

WCI has established that judicial estoppel is appropriate in this case.

First, Banuelos had sufficient knowledge of his causes of action during the pendency of his bankruptcy.  See Hamilton, 270 F.3d at 784; In re Coastal Plains, 179 F.3d at 208; Hay, 978 F.2d at 557.  Banuelos was terminated on July 11, 2011, but the bankruptcy proceeding did not terminate until August 26, 2011.  See DUMF's 5, 9.  The conduct identified by Banuelos as discriminatory lasted from March 11, 2011 to July 11, 2011.  See Complaint at ¶ 9; see also Banuelos Depo. 95:9-12.  The conduct included discriminatory statements regarding age and national origin that were made to Banuelos.  See DUMF 15; Banuelos Depo. 130:6-21.  Further, Banuelos's deposition testimony indicates that, at the time he was terminated, he believed that the termination was being done out of retaliation for complaints he had made.  See Banuelos Depo. 247:15-248:3.  Thus, Banuelos had knowledge of enough facts to know of his potential causes of action against WCI at the time of his termination, and could have disclosed those causes of action during the bankruptcy proceedings.  See Hamilton, 270 F.3d at 784.

Second, the undisputed facts show that Banuelos never disclosed his potential or contingent claims against WCI to the Bankruptcy Court.  See DUMF's 3, 4, 6.  Banuelos had a continuing obligation to do so.  See Hamilton, 270 F.3d at 785; In re Coastal Plains, 179 F.3d at 208; DUMF's 3, 6.  The Bankruptcy Court appears to have accepted Banuelos's representations when it discharged Banuelos's debt.  See Hamilton, 270 F.3d at 784 (noting that discharge of a debtor's debt is one way that a bankruptcy court may "accept" a debtor's assertions); Hay, 978 F.2d at 557 (applying judicial estoppel where a debtor did not disclose a potential cause of action and bankruptcy court discharged the debtor's debt); DUMF's 7-9.  Thus, Banuelos persuaded the

Bankruptcy Court to accept his position that he had no contingent claims.

Finally, permitting Banuelos to now pursue his causes of action would work violence against the integrity of the bankruptcy process.  The bankruptcy system depends upon full and honest disclosure by debtors, including disclosure of their contingent and unliquidated claims.  See Hamilton, 270 F.3d at 785.  The interests of creditors and the Bankruptcy Court are impaired when an incomplete disclosure is made.  See id.; In re Coastal Plains, 179 F.3d at 208.  If this case were to proceed, it would reward the failure to fully disclose assets.  Such a result would be improper and unfair.  See id.

WCI has produced sufficient information to show that judicial estoppel applies to this case.  In the absence of an opposition, the Court must grant the motion for summary judgment.  See Hamilton, 270 F.3d at 784-85; In re Coastal Plains, 179 F.3d at 208; Hay, 978 F.2d at 557.

**CONCLUSION**

WCI has moved for summary judgment and has shown that judicial estoppel applies to Banuelos's complaint.  Banuelos failed to disclose his potential causes of action against WCI during bankruptcy, and the Bankruptcy Court accepted Banuelos's representations.  In the absence of an opposition, summary judgment must be granted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:    January 31, 2013                    _____

                                             SENIOR  DISTRICT  JUDGE